USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **AUG 0 8 2013**

D+F

# LAW OFFICES OF SANJAY CHAUBEY
350 Fifth Avenue, # 5013, New York, NY 10118 Phone: (212) 563-3223 Fax: (212) 563-4534 E-mail: chaubeylaw@gmail.com

**BY FAX: (212) 805-7991**
Hon. J. Paul Oetken
United States District Judge
Southern District of New York

The Clerk of Court is Directed to:  August 1, 2013
___ Term motion (doc. #____)
✓ Doc. and File As: Letter

**Re: JOSE URBANO JIMENEZ et al v. KLB FOODS INC, et al. Docket No. 12-Civ-6796**

Dear Honorable Judge Oetken:

This office represents defendants Kumar Bist, and KLB Foods Inc. in the captioned matter. I am writing this letter in accordance with rule 4A (ii) of Individual Rules and Practice oft this court, requesting a promotion conference seeking permission to file motion pursuant to FRCP 12 C seeking dismissal of the complaint as to all causes of action as to the defendants and also seeking to dismiss the complaint *in tow* as to the defendant Kumar Bist (Bist).

## Brief Background

Plaintiffs have claimed that they worked for KLB Foods Inc. d/b/a Andaz for a period of one year for the first plaintiff, and nine months for second plaintiff, without being paid minimum wages, overtime compensation, and seek liquidated damages, interest and attorney fees and cost. Further, Plaintiffs in their Complaint have only mentioned that defendant Kunwar Bist is the owner, officer of defendant KLB Foods Inc. d/b/a Andaz. However, without citing any incident or event plaintiffs have cursorily mentioned that defendant acted as chairman or chief executive officer of KLB Foods Inc. with the power and authority to hire and fire all employees of Andaz, pursuant to FLSA, 29 USC §203(d) and are jointly and severely liable with KLB Foods Inc.. Notably Bist is not a party to this matter as he might have acted only in his capacity as officer of the corporation. Nevertheless, plaintiff has, without explanation or cognizable legal theory, named Bist as individual defendants herein. The law is well settled in New York, that a corporate officer who executes an agreement on behalf of a corporate entity is not personally liable for the corporations' alleged breach of that agreement.

Plaintiff's pursuit of its merit less case and frivolous action against defendants and more particularly against Bist despite being aware of the prevailing law reveals plaintiffs intent to harass Bist. Plaintiffs have every opportunity to avoid the motion practice herein by voluntarily amending its complaint and withdrawing it's misidentification of Bist as an individual defendant.

## Arguments
### Complaint fails to establish Employee - Employer relationship.

To stem the flow of illegal immigration into United States, Congress enacted the Immigration Reform and Control Act of 1986 (IRCA). IRCA sought to diminish the lure

1

of American Jobs for foreign workers by penalizing employers who knowingly hire unauthorized alien- that is non U.S Citizens who are unauthorized to accept employment in this country. As well, IRCA established new paper work and record keeping rules that apply to the employment of all persons including U.S. Citizens. It is now unlawful for employers to hire any individual without complying with IRCA verification of work status and record keeping requirements. Verification is completed by using the Form I-9, Employment Eligibility Verification From. All employees hired since November 6, 1986 must document their identities and authorization to work in the United States.

In the present case, defendant when requested the plaintiffs to complete the I-9 Employment Eligibility Verification Form in compliance with the Federal Laws, plaintiffs who initially ignored such request and finally resigned from their job as defendant insisted compliance with Federal Laws, and filed the present action in retaliation. The fact is stated not only in the answer to the complaint but defendants through discovery and deposition also requested I-9 information including a valid Social Security number and Immigration Status authorizing plaintiffs ability to seek employment in the United States. Defendants failed to provide any information by written discovery or oral deposition seeking either a protection or objection on the question. In a nutshell plaintiffs do not have either a valid Social Security number or Immigration Status to fulfill the I-9 requirements. In this regard the **Honorable United States Court of Appeals for the Second Circuit has rendered a Decision on July 10, 2013 in the matter of Palma v. NLRB Docket # 12-1199**. The Honorable Second Circuit has interpreted the case of *Hoffman Plastic Compound, Inc. v. NLRB 535 U.S. 137 (2002)*; back pay to undocumented alien petitioners who had been discharged by their employer. *The courts have again reaffirm that award of back pay to an undocumented alien who has never been legally authorized to work in the United States have held that such relief is foreclosed by Federal Immigration Policy as expressed by Congress in the immigration reform and Control Act of 1986.*

The courts have further observed that petitioners didn't have ability or capacity to obtain employment in the United States in the first place hence any relationship contacted would not constitute a valid employment. In *Hoffman Plastics* courts discussion of the direct conflict between IRCA and awards of back pay is equally applicable to aliens who didn't gain their jobs through any fraud but who are simply present in the United States unlawfully. *The court pointed out that awarding back pay not only trivializes the Immigration Law but would also condone and encourage future violations.*

Honorable Second Circuit had at length discussed *Hoffman Plastic* and other cases and held *that "We see no reason to think that Congress, nonetheless indented to permit back pay where but for an employer's unfair labor practices, an alien-employee would have remained in the United States illegally, and continue to work illegally, all the while successfully evading apprehension by immigration authorities. We conclude that Board did not err by interpreting Hoffman Plastic to require the denial of back pay to petitioners."* The complete copy of decision can be made available but not attached keeping three page letter requirements.

2

In view of the latest decision by the Honorable Court of Appeals at the Second Circuit it is innocuous to find that plaintiffs have any cause of action against the defendants in the present complaint, hence the complaint be dismissed in entirety.

### Dismiss the complaint *in tow* as to the defendant Kumar Bist (Bist).

Plaintiff in its action has impleaded Kunwar Bist hereinafter referred as ("Bist") and named him as defendant. As per the New York Law, typically when a corporation is a party, it's shareholders as individuals are not necessarily parties, see *International Association v Allegis Corp., 144 Misc 2d 983, 545 NYS 2d. 638 (Sup Ct NY co. 1989)*

Plaintiff, during deposition has not even named the defendant Bist, who is one amongst the four shareholders of the defendant corporation, even on asking who plaintiff was interacting, reporting or dealing on daily basis. Transcript of Deposition is attached in electronic form for the court's review.

Indeed, individual limited liability is the entire basis of corporation law and one of the essential benefits of incorporating. *Ehrlich v Alper, 145 N.Y.S. 2d 252, 253-54 (NY Sup. Ct., Bronx County 1955)*; see also *Joan Hansen & Co., Inc v Everlast Worlds Boxing Headquarters Corp., 744 N.Y.S.2d 384, 390(1st Dep't. 2002)* (" As a matter of public policy, 'an officer or director of a corporation in not personally liable to one who contracted with the corporation on the theory of inducing a breach of contact, merely due to the fact that, while acting for the corporation, he had made decisions and taken steps that resulted in the corporation's promise being broken....To hold otherwise would be dangerous doctrine, and would subject corporate officers and directors continually to liability on corporate contracts and go far towards undermining the limitations of liability which is one of the principal objects of corporations'."). Without the limited liability protections of incorporation, the entire structure of American corporation law (and economy) would be turned upside down. Id.

Plaintiffs have failed to demonstrate any <u>employee/employer</u> relationship. Plaintiffs have also not stated in their complaint that what the minimum wages was for relevant period alleged to be not paid.

In view of the above facts and law it is amply clear that defendant Bist is not personally liable to allegations of plaintiffs against corporate defendant KLB Foods Inc.

Therefore, by means of this pre motion conference request, defendant seeks dismissal of the complaint as to all causes of action and also seeking to dismiss the complaint *in tow* as to the defendant Kumar Bist .

Respectfully

_____/s/_____
Sanjay Chaubey, Esq. (SC-3241)
*Attorney for the Defendants*