UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSE URBANO JIMENEZ, et al.

                              CASE NO. 12-CV-6796
              PLAINTIFF

     -AGAINST-

KLB FOODS INC., et al.    DEFENDANT(S)
----------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT
# PURSUANT TO FED. R CIV. 12 (C) & 21


                                       **Sanjay Chaubey, Esq. [SC – 3241]**
                                       **Empire State Building**
                                       **350 Fifth Avenue, Suite 5013**
                                       **New York, NY 10118**
                                       **Phone: (212) 563-3223**
                                       **Fax:    (212) 563-4534**

                                       *Attorney for Defendant*
                                       *KLB FOODS INC. d/b/a Andaz*
                                       *Restaurant and Kunwar Bist*

# TABLE OF CONTENTS

|   | Page(s) |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| INTRODUCTION | 5 |
| FACTUAL BACKGROUND | 7-9 |
| LEGAL STANDARDS APPLICABLE TO FED. R. CIV. P. 12(b)(6) | 9-10 |
| ARGUMENT | |
| POINT I- PLAINTIFF HAS FAILED TO PRIMA FACIE ESTABLISH THE EMPLOYER-EMPLOYEE RELATIONSHIP | 10-12 |
| POINT II – COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED | 13 |
| POINT III-WHETHER BACK PAY TO A NON EMPLOYEE IS AVIALABLE UNDER THE APPLICABLE LAW. | 14-18 |
| POINT IV- A PERSON CANNOT BE HELD PERSONALLY LIABLE FOR A CONTRACT WHICH HE EXECUTED IN HIS CAPACITY AS AN OFFICER OF A CORPORATION. | 18-19 |
| POINT V    PERSONAL LIABILITY UPON DILEEP CANNOT BE IMPOSED ON ANY THEORY OF LIABILITY | 20 |
| CONCLUSION | 20 |

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                     Page

International Association v Allegis Corp., 144 Misc 2d 983, 545 NYS 2d. 638
 (Sup Ct NY co. 1989)                                                                                 5

Palma v NLRB Docket # 12-1199                                                                         6

Ruotolo v. City of New York, 514 F. 3d 18 (2nd Cir. 2008).                                            9

Papasan v. Allain, 478 (U.S. 265. 286 (1986).                                                        10

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct 1955 (2007)                                  10

Amron v. MorMan Stanley, Inc., 464 F. 3d 338 (2d Cir. 2006)                                          10

ATSI Communications, Inc., v. Shoar Fund. Ltd., 493 F. 3d 87
(2d Cir. 2007).                                                                                      10
                                                                                                      6

Ighal v. Hasty, 490 F. 3d 43, (2d Cir. 2007)                                                         10

E.E.O.C. vs. North Knox School Corp. 154 F. 3d. 744, 747 (7 Cir. 1998)                               11

Knight vs. United Farm Bureau Mut. Ins. Co. 950F. 2d. 377 (7th Cir. 1991)                            11

Brower vs. County of Inyo 489 U.S. 593, 594-595, 109 S.Ct. 2nd Cir. 1378, 103 L. Ed. 2d.
628 (1989)                                                                                           13

Telectrornics Proprietary, Ltd. vs. Madtronics, Inc. 687 F. Supp. 832, 837 (S.D.N.Y 1988). 13

Sykes vs. James, 13 F. 3d. 515, 519 (2d. Cir. 1993), Cert. Denied 512 U.S. 1240 (1994).              13

Conley v. Gibson, 355 U.S. 41 45-46, 78 D. Ct. 99, 2 L. Ed. 2d 80 (1957)                             13

Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000).                                          13

Hoffman Plastic Compound, Inc. v. NLRB 535 U.S. 137 (2002)                                           15

Lichtman v Mount Judah Cemetery, 705 N.Y.S. 2d 23, 25 (1st Dep't. 2000)                              18

Maranga v. McDonald & T. Corp.,777 N.Y.S. 2d 732 (2d Dep't.2004)                                     18

Gordon v Teramo & Company, Inc., 764 N.Y.S.2d 144 (2d Dep't. 2003)                                   18

Kamfar v New world Restaurant Group, Inc., 347 F. Supp. 2d 38, 49 (S.D.N.Y.2004)                     18


Novak v. Scarborough Alliance Corp., 481 F Supp. 2d 289, 293 (S.D.N.Y. 2007).                        18

**State Cases**

Ehrlich v Alper, 145 N.Y.S. 2d 252, 253-54 (NY Sup. Ct., Bronx County 1955)　　19


Joan Hansen & Co., Inc v Everlast Worlds Boxing Headquarters Corp.,
 744 N.Y.S.2d 384, 390(1st Dep't. 2002)　　19

Defendant KLB FOODS INC. d/b/a Andaz Restaurant and Kunwar Bist. ("Bist") by their undersigned counsel, respectfully submit this Memorandum of law in support of motion to dismiss complaint field by Plaintiff, JOSE URBANO JIMENEZ ("Jimenez") pursuant to Fed. R. Civ. P. 12 (c) & 21.

## INTRODUCTION

Plaintiff in his action has raised issue of unpaid minimum wages, unpaid overtime, liquidated damages, and attorney fees and costs. Plaintiff made the corporation KLB Foods Inc. as defendant and also impleaded Kunwar Bist, a share holder as co-defendant. As per the New York Law, typically when a corporation is a party, it's shareholders as individuals are not necessarily parties, see *International Association v Allegis Corp., 144 Misc 2d 983, 545 NYS 2d. 638 (Sup Ct NY co. 1989)*

According to Rule 21 of FRCP-Mis-joinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and preceded separately. Also pursuant to Rule 12 (c) FRCP, any party may move for judgment on the pleadings. Such motion shall be treated as one for Summary Judgment and dispose of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Plaintiff's current action arises out of defendants' insistence on filing of I-9 Employment Eligibility Verification Form. Defendant's intention to follow the Federal

Law has resulted in retaliation by the plaintiff to file the present complaint. Now this motion raises the following question of law:

    I.    Whether defendants were wrong in insisting I-9 Employment Eligibility Verification Form from the plaintiff?

    II.    Whether plaintiff has wrongly impleaded Kunwar Bist, one of the shareholders of the corporate defendants, with ulterior motives.

    III.    Whether the decision in the matter of *Palma v NLRB Docket # 12-1199* rendered by United States Court of Appeals for the Second Circuit on July 10, 2013 is applicable (may be fully or partially) on the present complaint of the plaintiffs.

Defendants by way of this memorandum of law request the honorable court to decide whether in view of the recent judgment of **Palma v. NLRB** plaintiff's complaint is maintainable or plaintiffs have a standing to commence this action. Secondly, whether plaintiffs are correct in enjoining Kunwar Bist a shareholder as a defendant. Lastly, whether the *Palma* decision clearly distinguishes; that award of back pay to an undocumented alien who has never legally been authorized to work in the United States , such relief is foreclosed by Federal Immigration Policy as expressed by Congress in the Immigration Reform and Control Act of 1986. In the present complaint defendants have affirmatively answered that they were insisting plaintiff to comply with the I-9 Employment Eligibility Verification Form, the question of Fair Labor Standard Act, and its applicability is ancillary question but primarily defendants'

6

requests to examine whether plaintiffs were eligible to obtain a job with defendant? And whether insistence of I-9 Verification by the defendant resulted into retaliatory compliant by the plaintiff where as defendants maintain and demonstrate that plaintiffs were not employees but merely independent contractors and were fully and adequately compensated for their part time delivery contract, with supplemental pay from tips and gratuities.

## FACTUAL BACKGROUND

Plaintiffs, three individuals have claimed that they worked for KLB Foods Inc. d/b/a Andaz for a period of one year for the first plaintiff, and nine months for second plaintiff, without being paid minimum wages, overtime compensation, and seek liquidated damages, interest and attorney fees and cost.  Plaintiffs in their Complaint have only mentioned that defendant Kunwar Bist ("Bist") is the owner, officer of defendant KLB Foods Inc. d/b/a Andaz.  However, without citing any incident or event plaintiffs have cursorily mentioned that defendant Bist acted as chairman or chief executive officer of KLB Foods Inc. with the power and authority to hire and fire all employees of Andaz, pursuant to FLSA, 29 USC §203(d) and are jointly and severely liable with KLB Foods Inc..  Notably, Bist is not a party to this matter as he might have acted only in his capacity as officer of the corporation.  Nevertheless, plaintiff has, without explanation or cognizable legal theory, named Bist as individual defendants herein.  The law is well settled in New York, that a corporate officer who executes an agreement on behalf of a corporate entity is not personally liable for the corporations' alleged breach of that agreement.

Plaintiff's pursuit of its merit less case and frivolous action against Bist despite being aware of the prevailing law reveals plaintiffs intent to harass Bist. Plaintiffs have every opportunity to avoid the motion practice herein by voluntarily amending its complaint and withdrawing it's misidentification of Bist as an individual defendant.

Further, Plaintiffs have no where in their complaint disclosed relevant rate of wages being received by them during the short duration of their employment.  Plaintiffs have further concealed or failed to disclose the tips and gratuities they received in addition to their admitted wages.  Under the 1996 amendments to the FLSA, an employer is permitted to credit tips received up to $2.125 per hour, or one-half the FLSA minimum wage in effect on Bist 20, 1996 ($4.25/hour) Pub. Law 104-188. In other words, after October 1, 1996, the employer is required to pay a "tipped employee" a "cash wage" of $2.125 an hour and it may credit tips received to make up the rest of the applicable minimum wage, although this credit may not exceed the value of tips actually received.  Plaintiffs also failed to mention at any place in their Complaint that they received tips and gratuity ranging in the sum of $100.00-$150.00 dollars a day as delivery person.  Plaintiffs have also failed to disclose whether they made any demands or protested payments during their period of employment of their stated employment.  Plaintiffs have also not mentioned as to how and why plaintiff left the employment of the defendants.

During a routine visit by Federal and State Labor Departments, Defendant's were advised and instructed to file *Form I-9 Employment Eligibility Verification Form* for all the employees and Independent Contractors. Accordingly, defendants requested plaintiffs, who are independent contractors to file Form I-9. Despite defendants repeated request, plaintiff

8

failed to provide a valid social security number to the defendant so that Employment Eligibility Verification maybe prepared and maintained by the defendant.

Defendant was forced to pay cash remuneration for the services rendered by the plaintiff, see Jimenez's Deposition dated June 18, 2013 at page 85, line 12-14 attached as 'Exhibit C' to the declaration.  On confronting plaintiff to provide *Form I-9 Employment Eligibility Verification Form,* plaintiff admitted that they do not have a valid social security number and being afraid that they may be fired by the defendant employer, the plaintiff filed the present complaint as retaliation against the defendant employer

Plaintiffs have failed to demonstrate any employee/employer relationship.

Plaintiffs have also not stated in their complaint that what the minimum wages was for relevant period alleged to be not paid.

Accordingly, defendant submits the present motion seeking dismissal of the complaint forthwith on the following arguments and reasoning.

## LEGAL STANDARDS APPLICABLE TO FED. R. CIV. P. 12(c)

If a complaint fails "to state a claim upon which relief can he granted." it is subject to dismissal. Fed. R. Civ. P. 12(b)(6). Courts must accept as true all the well-pleaded factual allegations advanced in the complaint, and draw all reasonable inferences in favor of the plaintiff. Ruotolo v. City of New York, 514 F. 3d 18 (2nd Cir. 2008). Courts are, however, "not bound to accept as true a legal conclusion couched as a factual allegation."

9

Papasan v. Allain, 478 (U.S. 265. 286 (1986). Furthermore, "bald assertions and conclusions of law will not suffice" in resisting a motion under this rule. Amron v. MorMan Stanley, Inc., 464 F. 3d 338 (2d Cir. 2006). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court concluded that to survive a motion to dismiss, factual allegations had to be advanced to "raise a right to relief above the speculative level." Id. at 1965. Moreover, the plaintiff is obligated to allege'... enough facts to state a claim that is plausible on its face.' Id. at 1974. In Iqbal v. Hasty, 490 F. 3d *143,* 157-158, (2d Cir. 2007), the Second Circuit concluded that Twombly requires "a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." The Second Circuit has further held that Twombly is not limited to only antitrust cases. ATSI Communications, Inc., v. Shoar Fund. Ltd., 493 F. 3d 87 (2d Cir. 2007).

## POINT I

## PLAINTIFF HAS FAILED TO PRIMA FACIE ESTABLISH THE EMPLOYER-EMPLOYEE RELATIONSHIP

Plaintiff has failed to prima-facie establish the employer-employee relationship. Nowhere in the complaint has plaintiff asserted the *nature, time period, duties, compensation and reasons of termination of the employment* of plaintiff Jimenez. Only in the elevnth paragraph plaintiff states he was an employee of defendant. Plaintiff has further failed to provide any information as to his hiring, salary, number of hours and claim or demand ever made by plaintiff from defendant on any account including the alleged employment of the plaintiff by defendant. Therefore, complaint completely fails to establish any employer-employee relationship between defendant and the complainant.

In the absence of any such employer-employee relationship, at best plaintiff's services rendered as delivery person can be termed as an independent contractor and the same is further fortified by the following case laws.

As per the definition provided by Internal Revenue Service, United States Department of the Treasury, a general rule is that "***you, the payer, have the right to control or direct only the result of the work done by an independent contractor, and not the means and methods of accomplishing the result.***"

Accordingly, in the instant case defendant provided the delivery addresses and the food which was delivered by the means and methods adopted by choice of the plaintiff Jimenez. "The ultimate question of whether an individual is an employee or an independent contractor is a legal conclusion which involves an application of the laws to the facts." *E.E.O.C. vs. North Knox School Corp. 154 F. 3d. 744, 747 (7 Cir. 1998)* to determine whether the plaintiff was an employee or an independent contractor, the trial examines five factors which were set forth in *Knight vs. United Farm Bureau Mut. Ins. Co. 950F. 2d. 377 (7th Cir. 1991)* The first (1) and most significant factor requires to look at control of supervision that Bist exerted over Jimenez. The employers right to control is the most important when determining whether an individual is an employee or an independent contractor. The other factors are (2) the kind of occupation and nature of skill required including whether the skills are obtained in the work place; (3) responsibility for the cost of operation, such as equipment, supplies, fees, licenses, work place, and maintenance of operation; (4) the method and form of payment and benefits and; (5) the length of job commitment and or expectations.

By application of this analogy, it is clear that Bist had neither any control over Jimenez nor supervised his activity including how he delivered the take-out orders. So it is

11

concluded that Bist did not exerted any control or supervision over Jimenez, clearly qualifying Jimenez as an independent contractor.

Even by the application of other factor "the responsibility for the cost of operation such as equipment, supplies, fees, license and maintenance of operation", it is clear that plaintiff Jimenez was responsible for his transportation of choice and payment in order to deliver the take-out food.  See Jiminez's deposition at page 52 lines 12-25 and page 53 lines 2-5.

In addition, Bist withheld no taxes from Jimenez's payments; neither paid any insurance, pensions, vacation pay nor any other type of compensation that could be construed as a benefit. Jimenez has in the contrary not mentioned in any detail about any of such payments or withholding of the taxes as an employee establishing the employer-employee relationship.

The last factor however of the not the least importance is "length of job commitment and/or expectation". In the instant matter, Jimenez provided his delivery services from August 2011 to December 2012.  See Jiminez's deposition page 46, line 14-17, where after Jimenez discontinued providing services as employer insisted on Employment Eligibility and Verification in order to hire him as a part-time employee. Therefore, the length of alleged employment and expectation also clearly demonstrates the relationship between Bist and Jimenez as of independent contractor instead of alleged employer-employee relationship.

## **POINT II**

## **COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff's complaint miserably fails to demonstrate any claim in any manner whatsoever against the defendant arising out of providing of the services as independent contractor to the defendant. In his unverified complaint, only assertion is that plaintiff was an employee and performed work as delivery person in New York, NY. The legal theory advanced by plaintiff is not a cognizable legal theory. See *Brower vs. County of Inyo 489 U.S. 593, 594-595, 109 S.Ct. 2nd Cir. 1378, 103 L. Ed. 2d. 628 (1989).* Even assuming that plaintiff has advanced a cognizable legal theory; plaintiff has miserably failed to include allegations concerning all elements necessary to support recovery. *See Telectrornics Proprietary, Ltd. vs. Madtronics, Inc. 687 F. Supp. 832, 837 (S.D.N.Y 1988).*

In addition, defendant's affirmative defense that plaintiff lacked requisite to fulfill Employment Eligibility Verification as mandated by the Federal Law resulted as not only non-absorption of plaintiff as an employee but plaintiff also discontinued his work as an independent contractor and in retaliation filed complaint against plaintiff with ulterior motive of harassment and extortion.

Accordingly, an affirmative defense to the claim appears on the face of the complaint. See *Sykes vs. James, 13 F. 3d. 515, 519 (2d. Cir. 1993), Cert. Denied 512 U.S. 1240 (1994).*

The honorable court may dismiss a claim for failure to state a claim upon which relief may be granted under Rule 12(b)(6), if it is clear that no relief could be granted under any set or facts that could be proved consistent with the allegations. See *Conley v. Gibson,*

13

*355 U.S. 41 45-46, 78 D. Ct. 99, 2 L. Ed. 2d 80 (1957); Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000).*

## POINT III

## WHETHER BACK PAY TO A NON EMPLOYEE IS AVIALABLE UNDER THE APPLICABLE LAW.

To stem the flow of illegal immigration into United States, Congress enacted the Immigration Reform and Control Act of 1986 (IRCA).  IRCA sought to diminish the lure of American Jobs for foreign workers by penalizing employers who knowingly hire unauthorized alien- that is non U.S Citizens who are unauthorized to accept employment in this country.  As well, IRCA established new paper work and record keeping rules that apply to the employment of all persons including U.S. Citizens.  It is now unlawful for employers to hire any individual without complying with IRCA verification of work status and record keeping requirements.  Verification is completed by using the Form I-9, Employment Eligibility Verification From.  All employees hired since November 6, 1986 must document their identities and authorization to work in the United States.

In the present case, defendant when requested the plaintiffs to complete the I-9 Employment Eligibility Verification Form in compliance with the Federal Laws, plaintiffs who initially ignored such request and finally resigned from their job as defendant insisted compliance with Federal Laws, and filed the present action in retaliation.  The fact is stated not only in the answer to the complaint but defendants through discovery and deposition also requested I-9 information including a valid Social Security number and Immigration Status authorizing plaintiffs ability to seek employment in the United States.  Defendants

14

failed to provide any information by written discovery or oral deposition seeking either a protection or objection on the question. In a nutshell plaintiffs do not have either a valid Social Security number or Immigration Status to fulfill the I-9 requirements.  In this regard the **Honorable United States Court of Appeals for the Second Circuit has rendered a Decision on July 10, 2013 in the matter of Palma v. NLRB Docket # 12-1199**.  The Honorable Second Circuit has interpreted the case of ***Hoffman Plastic Compound, Inc. v. NLRB 535 U.S. 137 (2002)***; back pay to undocumented alien petitioners who had been discharged by their employer.  *The courts have again reaffirm that award of back pay to an undocumented alien who has never been legally authorized to work in the United States have held that such relief is foreclosed by Federal Immigration Policy as expressed by Congress in the immigration reform and Control Act of 1986.*

The courts have further observed that petitioners didn't have ability or capacity to obtain employment in the United States in the first place hence any relationship contacted would not constitute a valid employment.  In *Hoffman Plastics* courts discussion of the direct conflict between IRCA and awards of back pay is equally applicable to aliens who didn't gain their jobs through any fraud but who are simply present in the United States unlawfully.  *The court pointed out that awarding back pay not only trivializes the Immigration Law but would also condone and encourage future violations*.

Honorable Second Circuit had at length discussed *Hoffman Plastic* and other cases and held ***that "We see no reason to think that Congress, nonetheless indented to permit back pay where but for an employer's unfair labor practices, an alien-employee would have remained in the United States illegally, and continue to work illegally, all the while successfully evading apprehension by immigration authorities.  We conclude that Board***

15

***did not err by interpreting Hoffman Plastic to require the denial of back pay to petitioners."*** The complete copy of decision is attached as Exhibit E to declaration.

The further issue before this court is whether prior observations and pronouncements pertaining to these claims are over ruled by the decision in the matter of *Palma v. NLRB Docket # 12-1199*

Defendants through the testimony of plaintiffs and other documents in support including the tip sheet and attendance sheet has clearly demonstrated that plaintiff was at best an independent contractor and not an employee for the reason that despite repeated request, plaintiffs failed to comply with the I-9 Employment Eligibility Verification Requirement mandated by set of Federal Laws and Regulations. Plaintiff was provided an opportunity to do so at the stage of discovery and disclosure to provide the information so as to at minimum establish an employee employer relation with the defendants but plaintiff hopelessly failed to do so.

By conduct also plaintiff has conceded that his duration of employment was short, he was managing his own part time hours, plaintiff was using his own transportation (bicycle) to deliver the food which he was maintaining at his own cost and defendant had no control to direct plaintiff to use particular method, route, or ways and means to fulfill his duty. Despite denying, plaintiff has received average daily tips and gratuities in the range of $100.00-$150.00 as shown in the tip sheet and the Seamless records.

In view of the Palma decision the understanding made to movant is that since plaintiff was not even an employee, the question of any back unpaid wages as claimed are not even valid for the reason that the plaintiff had no ability in the first place to even seek an employment.

16

The defendants are being harassed and penalized for complying with one set of Federal Laws requiring I-9 Verification. Defendants states that one of the plaintiff who was later on enjoined by the plaintiffs later, Mr. Candido who was present when the Department of Labor visited the restaurant of the defendant corporation, and was interviewed by the Department personnel for almost 45 minutes, there after Mr. Candido disappeared, failed to come back to the restaurant and now joined the lawsuit as plaintiff. Plaintiffs are well aware of the industry standards and customary laws of hiring of independent contractors for delivery purposes.

**Payment of Wages to Tipped Employees:**

Under the 1996 amendments to the FLSA, an employer is permitted to credit tips received up to $2.125 per hour, or one-half the FLSA minimum wage in effect on August 20, 1996 ($4.25/hour) Pub. Law 104-188. In other words, after October 1, 1996, the employer is required to pay a "tipped employee" a "cash wage" of $2.125 an hour and it may credit tips received to make up the rest of the applicable minimum wage, although this credit may not exceed the value of tips actually received. This 1996 amendment eliminated the "indexing" of the cash payment required for tipped employees (which was previously effected by tying the credit to the minimum wage, which was increased gradually over time) and fixed the amount of cash payment required to be paid a tipped employee at $2.125 an hour over and above the tips actually received. 29 U.S.C §203(t). In 1977, the FLSA was amended to increase the monthly tip amount from $20 to $30. *See* Pub. Law 95-151 §3a.Under the FLSA a "tipped employee" is any employee engaged in an occupation in which he or she customarily and regularly receives more than $30 a month in tips. Plaintiffs also failed to mention at any place in their Complaint that they received tips and gratuity ranging in the sum of $100.00-$150.00 dollars a day as delivery person. Plaintiffs

17

have also failed to disclose whether they made any demands or protested payments during period of their stated employment. Attached are the Tip Sheet and Details of Seamless payment 'Exhibit D' to declaration of Sanjay Chaubey, Esq.

Plaintiffs worked and were fully compensated for all their work and hours and now have filed this action in retaliation as the defendants are insisting I-9 Verification.

### POINT IV
### A PERSON CANNOT BE HELD PERSONALLY LIABLE FOR A CONTRACT WHICH HE EXECUTED IN HIS CAPACITY AS AN OFFICER OF A CORPORATION,

Plaintiff in its complaint has merely alleged that defendant Kunwar Bist had the power and authority to fire and hire all employees determine their rate and method of pay, determine their work schedule, maintain employees employment records and otherwise affect the quality of employment of the plaintiff   personally benefited thereby without any other allegations or theory as to how defendant Bist benefited by any alleged breach of agreement by and between the parties.

It is well settled law in New York that when a person signs a contract in his capacity as an officer of a corporation, he can not be held personally liable for breach of the contract. See *Lichtman v Mount Judah Cemetery, 705 N.Y.S. 2d 23, 25 (1st Dep't. 2000)* (dismissing complaint as to individual officer-defendants for alleged breach of contract because individual officer-defendants were not individually bound thereto); *Maranga v. McDonald & T. Corp.,777 N.Y.S. 2d 732 (2d Dep't.2004); Gordon v Teramo & Company, Inc., 764 N.Y.S.2d 144 (2d Dep't. 2003); Kamfar v New world Restaurant Group, Inc., 347 F. Supp. 2d 38, 49 (S.D.N.Y.2004); Novak v. Scarborough Alliance Corp., 481 F Supp. 2d 289, 293 (S.D.N.Y. 2007).*

18

Indeed, individual limited liability is the entire basis of corporation law and one of the essential benefits of incorporating. *Ehrlich v Alper, 145 N.Y.S. 2d 252, 253-54 (NY Sup. Ct., Bronx County 1955)* ("[I]mmunity of an officer or director is based on the sensible and practical ground that for their acts on behalf of their corporation they shall not be left open to claims of [inducing breach of contract] whenever the corporation fails to perform a contract; otherwise, corporate functions could not be conducted except at the risk of officer and directors being involved personally in litigation brought by plaintiffs whenever a corporation has breached an agreement. Any other rule would prevent the free exercise by officers and directors of their duties as representatives of the corporation except at their peril."), order aff'd, 149 N.Y.S. 2d 562 (1st Dept't. 1956); see also *Joan Hansen & Co., Inc v Everlast Worlds Boxing Headquarters Corp., 744 N.Y.S.2d 384, 390(1st Dep't. 2002)* (" As a matter of public policy, 'an officer or director of a corporation in not personally liable to one who contracted with the corporation on the theory of inducing a breach of contact, merely due to the fact that, while acting for the corporation, he had made decisions and taken steps that resulted in the corporation's promise being broken….To hold otherwise would be dangerous doctrine, and would subject corporate officers and directors continually to liability on corporate contracts and go far towards undermining the limitations of liability which is one of the principal objects of corporations'."). Without the limited liability protections of incorporation, the entire structure of American corporation law (and economy) would be turned upside down. Id.

## POINT V

## PERSONAL LIABILITY UPON BIST CANNOT BE IMPOSED ON ANY THEORY OF LIABILITY

The complaint as to Bist should be dismissed *in toto* because he cannot he held liable to the plaintiffs on any theory of liability.

The gravamen of the complaint against Bist is that he is the officers of the defendant corporation.

Because Bist did not deal with plaintiffs, it must inexorably follow that he cannot he held liable to the plaintiffs on any theory of liability and that the action should be dismissed against them.

## CONCLUSION

For the foregoing reasons, defendant Bist, KLB Foods Inc. d/b/a Andaz Restaurant respectfully requests that the court dismiss the case pursuant to Federal Rule of Civil Procedure 12(b) and award costs and disbursement in favor of the defendant

Dated: September 26, 2013
       New York, New York

                                        Respectfully submitted,

                                        _____/s/_____

                                        Sanjay Chaubey, Esq. [SC – 3241]
                                        Empire State Building
                                        350 Fifth Avenue, Suite 5013
                                        New York, NY 10118
                                        Phone: (212) 563-3223
                                        Fax:    (212) 563-4534