UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                      :

JOSE URBANO JIMENEZ and            :
VICENTE CARRASCO, on behalf of     :
themselves, FLSA Collective Plaintiffs  :         12 Civ. 6796 (JPO)
and the Class,                        :
                      Plaintiffs,  :

                                        :        OPINION AND ORDER
                  -against-           :
                                        :

KLB FOODS, INC. d/b/a ANDAZ;      :
KUNWAR BIST,                   :
                    Defendants. :
                                        :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

     Plaintiffs Jose Urbano Jimenez and Vicente Carrasco claim that their employer,

Defendant KLB Foods, Inc., failed to pay them minimum and overtime wages, in violation of the

Fair Labor Standards Act and New York Labor Law.  Defendants KLB Foods and Kunwar Bist

have filed a motion for judgment on the pleadings.[1]  Plaintiffs, in response, have filed a motion

for sanctions.  Defendants' reply included a cross-motion for sanctions.  For the reasons that

follow, all three motions are denied.

## I.    Background

     This section summarizes Plaintiffs' allegations, which the Court accepts as true for

purposes of this motion.

---

[1] Before successfully filing their motion for judgment on the pleadings, Defendants repeatedly
attempted to file the motion as a "Motion for Summary Judgment to Dismiss Complaint" on the
Court's electronic case filing system.  (Dkt. Nos. 35–42.)  Once Defendants successfully filed
their motion, they filed it as a "Motion to Dismiss," which corresponds to the label on
Defendants' brief, "Motion to Dismiss . . . Pursuant to Fed. R Civ. 12(c) & 21" [sic].  Because
Defendants have already filed an answer, their motion is properly brought as a motion for
judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

KLB Foods operates a restaurant called Andaz.  Defendant Kunwar Bist hired Plaintiff Jose Urbano Jimenez in August 2011 to work for Andaz as a delivery person.  Urbano Jimenez worked a six-and-one-half hour shift seven days a week.  In January 2012, Bist hired Plaintiff Vicente Carrasco to work as a delivery person on the same schedule.  Bist treated Urbano Jimenez and Carrasco as tipped employees and set their rate of pay at $105 a week.   But neither Bist nor any other KLB Foods employee gave the named Plaintiffs written notice of their rate of hourly pay, their rate of overtime pay, or the fact that KLB Foods was taking a tip credit against its minimum wage obligation.  Moreover, Plaintiffs spent more than 20% of their working time completing duties such as cooking food, packing food, and cleaning the restaurant—all activities that are not tip-related.  And nobody at KLB Foods recorded the amount of tips Plaintiffs earned or provided Plaintiffs with an itemized wage statement.  Nevertheless, KLB Foods paid Plaintiffs the tip credit minimum wage, even when Plainitffs worked overtime.

## II.      Discussion

### A.      Motion for Judgment on the Pleadings

#### 1.      Legal Standard

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss.  *See Pensionsversicherungsanstalt v. Greenblatt*, __ Fed. App'x __, 2014 WL 700731, *1–*2 (2d Cir. Feb. 25, 2014).  Both motions challenge whether a complaint satisfies the general pleading standard, Rule 8(a) of the Federal Rules of Civil Procedure, which requires a complaint to make a short, plain statement of a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To determine whether a complaint satisfies Rule 8, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Id.*  But the court need not accept

"[t]hreadbare recitals of the elements of a cause of action," which are essentially legal

conclusions.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it

plausible—not merely possible—that the defendants acted unlawfully.  *Id.*

### 2. Employer-Employee Relationship

Defendants' first argument is that Plaintiffs have not adequately alleged that they were

employees covered by the Fair Labor Standards Act.  FLSA applies only to employees, not to

independent contractors.  To determine whether a plaintiff is an employee for FLSA purposes,

courts examine the "economic reality" of a working relationship.  *Irizarry v. Catsimatidis*, 722

F.3d 99, 104–05 (2d Cir. 2013) (citing *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d

132, 134 (2d Cir. 2008)).  The inquiry is a totality-of-the-circumstances approach, so no one

factor is dispositive, but courts consider at least "(1) the degree of control exercised by the

employer over the workers, (2) the workers' opportunity for profit or loss and their investment in

the business, (3) the degree of skill and independent initiative required to perform the work, (4)

the permanence or duration of the working relationship, and (5) the extent to which the work is

an integral part of the employer's business."  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058–

59 (2d Cir. 1988) (citations omitted).  Courts are also permitted to consider any other factor

relevant to the economic reality of the working relationship.  *Id.* at 1059 (citing *Rutherford Food

Corp. v. McComb*, 331 U.S. 722, 730 (1947)).  "The ultimate concern is whether, as a matter of

economic reality, the workers depend upon someone else's business for the opportunity to render

service or are in business for themselves."  *Id.* at 1059 (citing *Donovan v. Tehco, Inc.*, 642 F.2d

141, 143 (5th Cir. 1981)).

In this case, Plaintiffs' allegations are sufficient to state a plausible claim that Plaintiffs were employees.  Bist exercised a fair degree of control over Plaintiffs: he set specific work schedules for them, from 4:30 p.m. to 10:00 p.m., seven days a week.  Plaintiffs were also required to cook, clean, and prepare food when they were not making deliveries, which suggests that they were not merely in business for themselves as delivery persons.  Bist determined how much Plaintiffs would be paid per hour and how they received their paychecks.  There is no allegation that Plaintiffs had any investment in Andaz or opportunity for profit outside their hourly wage and tips.  And there is no allegation that the type of deliveries Plaintiffs were making required any special skill.  Plaintiffs were not hired to complete a discrete project; rather, they were permanent workers who worked on a daily basis beginning in August 2011 and January 2012.  Finally, the function of cooking, packaging, and delivering food is an integral part of the business of a restaurant.  In light of all of these factors, Plaintiffs have stated a plausible claim that they were employees for the purposes of FLSA.

### 3.   Other Elements of Minimum Wage and Overtime Claims

Defendants' second ground for dismissal is that the complaint "miserably fails to demonstrate any claim in any manner whatsoever" and that "[t]he legal theory advanced by plaintiff[s] is not a cognizable legal theory."  (Defs.' Mem. in Support at 13, Dkt. No. 51.)

FLSA requires employers to pay their employees $7.25 per hour unless the employee receives a sufficient amount of tips.  29 U.S.C. §§ 203(m), 206(a)(1).  For tipped employees, employers may claim a tip credit against the required minimum wage, but only if the employer has "(1) inform[ed] the employee of the tip credit provision of the FLSA, and (2) permit[ted] the employee to retain all of the tips the employee receives."  *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (quotation marks and citations omitted).  The notice

requirement is a firm requirement—and it is the employer's burden to demonstrate that notice was given. *Id.* at 287–88. To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007). Likewise, to state a FLSA overtime claim, a plaintiff must allege only that he worked compensable overtime in a workweek longer than forty hours, and that he was not properly compensated for that overtime. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

Plaintiffs allege that they worked 45.5 hours per week during every week they worked for Defendants, yet they were paid only $105.00 per week. They also allege that, although Defendants purported to claim tip credits against their minimum wage obligation, Defendants never gave Plaintiffs notice that they were taking a tip credit. Therefore, Defendants were required to pay the full minimum wage for each hour Plaintiffs worked. Plaintiffs' alleged rate of pay was only $2.31 per hour. These allegations are sufficient to state a FLSA minimum wage and overtime claim.

### 4.     Plaintiffs' Immigration Status

Defendants also rely on *Palma v. N.L.R.B.*, 723 F.3d 176 (2013), for the proposition that Plaintiffs, as undocumented immigrants, may not bring claims under FLSA. Defendants argue that Plaintiffs' immigration status is an affirmative defense that appears on the face of the complaint. Plaintiffs' immigration status does not appear on the face of the complaint. Moreover, for the reasons stated in *Colon v. Major Perry Street Corp.*, __ F. Supp. 2d __, 2013

WL 6671770 (S.D.N.Y. Dec. 19, 2013), *Palma* does not apply to FLSA claims.  Immigration

status is irrelevant to an employee's rights under FLSA.

### 5.     Bist's Liability as an Employer

Defendants' final argument, raised in points four and five of their brief, is that Bist

cannot be held liable for breaching contracts he formed as a corporate officer of KLB Foods.

Plaintiffs do not bring breach-of-contract claims against Bist; they bring FLSA claims against

him in his capacity as their employer.  FLSA does not define the "employers" to whom it

applies.  *Irizarry*, 722 F.3d at 103–04 (citing *Rutherford Food Corp.*, 331 U.S. at 728).  FLSA's

definition of "employ," which "includes to suffer or permit to work," is so broad that courts read

"employer" to mean something broader than a master under traditional agency law principles.

*See id.* at 103.  As is the case with the definition of "employee," courts consider the economic

reality of a working relationship to determine whether an individual qualifies as an "employer."

*Id.* at 104 (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984)).  The Second Circuit

has established four factors that determine whether an individual is an employer: "whether the

alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records."  *Id.* (quoting *Carter*, 735 F.2d at 12).  As

discussed above, Plaintiffs have alleged that Bist hired both of them, determined their rate and

method of pay, determined their work schedules, and maintained records of their employment.

These allegations are sufficient to state a plausible claim that Bist is liable under FLSA as Plaintiffs' employer.

### B.     Motions for Sanctions

Plaintiffs have moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure; Defendants filed a motion for costs and a cross-motion in their reply. Rule 11(c)(2) requires the moving party to serve a copy of his motion on opposing counsel at least twenty-one days before filing the motion with the court. This practice, known as a safe harbor provision, gives parties the opportunity to correct or withdraw their filings before facing sanctions. Even if a party is already on notice that opposing counsel has general objections to a motion or pleading, a newly filed motion "reset[s] the clock" for the safe harbor period. *Lawrence v. Richman Grp. Of CTLLC*, 620 F.3d 153, 159 (2d Cir. 2010). When a movant fails to comply with the safe harbor provision, the district court may not grant the motion for sanctions. *Id.*

Here, Plaintiffs claim that Defendants were on notice of their motion for sanctions by way of (1) their August 8, 2013 premotion letter, and (2) their stated position at the August 15, 2013 premotion conference. This is not sufficient to comply with Rule 11(c)(2), which specifically requires that the motion itself be served on the opposing party twenty-one days before it is filed in court. Plaintiffs' motion for sanctions is denied for failure to comply with the safe harbor provision of Rule 11. Defendants made no effort to comply with the safe harbor provision with respect to their cross-motion; rather, they ask the Court to impose sanctions on its own motion. A court does not grant relief on its own motion if one of the parties has moved for that relief. Defendants' cross-motion for sanctions is denied. The Court declines to impose costs on either party.

**III.**     **Conclusion**

For the foregoing reasons, Defendants' motion for judgment on the pleadings is

DENIED, Plaintiffs' motion for sanctions is DENIED, and Defendants' motion for sanctions and

costs is DENIED.  The Clerk of Court is directed to terminate all pending motions.  The parties

shall submit their pretrial filings, as detailed in this Court's individual practices, within thirty

days.

SO ORDERED.

Dated: New York, New York
        June 17, 2014

_____
                  J. PAUL OETKEN
               United States District Judge

8