UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSE URBANO JIMENEZ,
VICENTE CARRASCO,
CANDIDO MERINO,
and BALTAZAR SANCHEZ,

                      Plaintiffs,                **JOINT PRE-TRIAL ORDER**

      v.

                                                               12 CV 6796

KLB FOODS, INC. d/b/a ANDAZ,
and KUNWAR BIST,

                      Defendants.
_____

      The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 15, the following statements, directions, and agreements are adopted as the Pretrial Order herein:

## I.    CAPTION OF ACTION

See above.

## II.    TRIAL COUNSEL

    Defendants' counsel: Sanjay Chaubey, Esq., Law Offices of Sanjay Chaubey, 18 East 41st Street, Suite 1704, New York, NY 10017. Tel: (212)563-3223.

    Plaintiffs' counsel:  C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY  10016.  Tel: (212) 465-1188. Fax: 212-465-1181.

## III.    JURISDICTION

    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Sections 1331, 1337 and 1343.  The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiffs' claims under New York State Executive Law § 296 and the New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the Court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiffs would ordinarily be expected to try them in one judicial proceeding.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Section 1391.

### IV.     CLAIMS AND DEFENSES

A.  Claims

This is a Fair Labor Standards Act, as amended ("FLSA"), and New York Labor Law case seeking: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, (4) statutory penalties, (5) attorneys' fees and costs and (6) lost compensation and other compensatory and punitive damages caused by Defendants' retaliatory measures against Plaintiffs for bringing this lawsuit.

Plaintiff JIMENEZ worked for Defendants as a delivery person from August 2011 until December 2012 at Defendants' restaurant located at 1378 First Avenue, New York, New York 10021 ("Andaz").  Plaintiff JIMENEZ contends he generally worked seven days per week, six and a half hours per day for a total of 45.5 hours per week.  He was paid a fixed salary of $105 per week.  His compensation was not only below minimum wage, but also below the tip credit minimum wage, even if Defendants took a proper tip credit.  Plaintiff is owed minimum wage, overtime, plus federal and state liquidated damages, attorney fees and expenses.

Plaintiff CARRASCO worked for Defendants as a delivery person from January 2012 until December 2012 at Andaz.  Plaintiff CARRASCO contends he generally worked seven days per week, six and a half hours per day for a total of 45.5 hours per week.  He was paid a fixed salary of $105 per week.  His compensation was not only below minimum wage, but also below the tip credit minimum wage, even if Defendants took a proper tip credit.  Plaintiff is owed minimum wage, overtime, plus federal and state liquidated damages, attorney fees and expenses.

Plaintiff MERINO worked for Defendants as a delivery person and dishwasher from March 2011 until December 2012 at Andaz.  Plaintiff MERINO contends he worked six days per week from March 2011 to October 2012, and seven days per week from October 2012 to December 2012, for thirteen hours a day for respective totals of 78 and 91 hours per week.  For the first period he was paid $325 per week, and for the second $160 per week.  His compensation was not only below minimum wage, but also below the tip credit minimum wage, even if Defendants took a proper tip credit.  Plaintiff is owed minimum wage, overtime, plus federal and state liquidated damages, attorney fees and expenses.

Plaintiff SANCHEZ worked for Defendants as a delivery person and food preparer from April 2009 until August 2009, and February 2011 until June 2012 at Andaz.  Plaintiff SANCHEZ contends he worked seven days per week for six hours per day for respective totals of 42 hours and 49 hours per week.  He was paid a fixed salary of $105 per week.  His compensation was not only below minimum wage, but also below the tip credit minimum wage, even if Defendants took a proper tip credit.  Plaintiff is owed minimum wage, overtime, plus federal and state liquidated damages, attorney fees and expenses.

Plaintiffs allege that, after the Complaint was filed on September 7, 2012, Defendants decreased Plaintiff JIMENEZ's and Plaintiff CARRASCO's work schedule to 6pm to 9:30pm, 7 days a week, totaling 24.5 hours per week. Their weekly salary remained the same. Defendant KUNWAR BIST told Plaintiffs he would return their schedules to their regular hours if Plaintiffs agreed to drop the lawsuit. When Plaintiffs refused, Defendants decreased Plaintiff JIMENEZ's work schedule to 5pm to 7:30pm and Plaintiff CARRASCO's work schedule to 8pm to 10:30pm, both totaling 17.5 hours per week. Plaintiff JIMENEZ and Plaintiff CARRASCO's rate of pay was reduced to $99 per week. Plaintiffs JIMENEZ and CARRASCO are owed damages under the FLSA and NYLL.

Defendant's Defenses

Defendant contends that they never employed plaintiff as an employee rather plaintiffs were only independent contractors used for food delivery purposes. Defendant further contents that when due to law enforcement defendants insisted for I-9 form and other relevant information plaintiff filed the present lawsuit. Plaintiff is neither under paid nor is entitled to any overtime wages based on the record.

B.  Issues To Be Tried

1. Plaintiffs' working hours and compensation paid;
2. Whether Defendants' claim of a tip credit allowance was valid:
   a)  Did Defendants maintain daily tip records?
   b)  Did Plaintiffs spend more than twenty percent of their working time in non-tipped activities?
   c)  Did Defendants provide a valid tip credit notice to Plaintiffs?
   d)  Did Defendants inform Plaintiffs of the amount of tip credit allowance taken in each pay period?
3. Whether Defendants paid Plaintiffs overtime, and if so, whether the overtime rate was proper;
4. Whether Defendants provided paystubs to Plaintiffs for each pay period, informing them of dates of work covered by the payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay, gross wages, deductions, allowances claimed as part of the minimum wage and net wages, satisfying the Wage Theft Prevention Act requirements;
5. Whether Defendants provided a wage and hour notice to Plaintiffs at the beginning of their employment and annually thereafter, informing them of their rate of pay,

overtime rate of pay, allowances claimed as part of the minimum wage, regular pay day, name of employer, the physical address of the employer's main office, and the telephone number of the employer, satisfying the Wage Theft Prevention Act requirements;

6. Whether Defendants engaged in retaliatory behavior against Plaintiffs.
   a) Were Plaintiffs' scheduled hours reduced by Defendants after Plaintiffs filed this lawsuit;
   b) Were Plaintiffs terminated from their employment by Defendants after Plaintiffs refused to drop this lawsuit?

7. Whether Defendants' violation of the law was willful.

8. Whether each of Defendants was an employer of Plaintiffs;

9. Whether Plaintiffs were independent contractors. [Plaintiffs object as the independent contractor exemption was never plead as a defense in Defendants' Answer]

   a. Did Defendants exercise control over the Plaintiffs such as setting their schedules and compensation?;
   b. Did the Plaintiffs have any investment in Defendants' business?;
   c. Did Plaintiffs' work as delivery persons require special skills?;
   d. Were Plaintiffs hired to complete a discrete project or as permanent workers, working on a daily basis?;
   e. Was Plaintiffs' work as cooking, packaging and delivering food an integral part of Defendants' restaurant business?

10. Whether plaintiffs provided form I-9 Employment Verification form at defendant's request during the course of alleged employment or after filing the lawsuit until today. [Plaintiffs object]

## V. TRIAL DAYS AND JURY / NON-JURY

The parties respectfully request a jury trial. The parties estimate that three (3) days will be needed for trial.

## VI.   TRIAL BY MAGISTRATE JUDGE

All parties have not consented to trial by a magistrate judge.

## VII.   STIPULATION OF FACTS OR LAW

A. All Plaintiffs were tips in addition to fixed salary of $105 per week by Defendants.
B. All Plaintiffs were compensated on a weekly basis.

4

C.  Defendant KLB FOODS d/b/a ANDAZ was engaged in interstate commerce with gross annual revenues of over $500,000 for the relevant period.
D.  The parties have agreed that damages will be calculated as a matter of law after a factual determination by the jury.

## VIII.  WITNESSES

A.  Plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

   1. Plaintiff JOSE URBANO JIMENEZ: Plaintiff JIMENEZ will testify as to how he was compensated as a delivery person while employed by Defendants.
   2. Plaintiff VICENTE CARRASCO: Plaintiff CARRASCO will testify as to how he was compensated as a delivery person while employed by Defendants.
   3. Plaintiff CANDIDO MERINO: Plaintiff MERINO will testify as to how he was compensated as a delivery person and dishwasher while employed by Defendants.
   4. Plaintiff BALTAZAR SANCHEZ: Plaintiff SANCHEZ will testify as to how he was compensated as a delivery person and food preparer while employed by Defendants
   5. KUNWAR BIST, individual Defendant and principal of the Corporate Defendant. KUNWAR BIST will testify to Defendants' policies in compensating Defendants' employees, scheduling working hours and wage notification.
   6. RANU RAWAT, manager of the Corporate Defendant. RANU RAWAT will testify to Defendants' policies in compensation Defendants' employees, scheduling working hours and wage notification.

B.  Defendants intend to call the following witnesses who will testify in accordance with the following summaries:

A.  Defendant's list of the names and addresses of all witnesses, including who will be called.

   1. Kunwar Bist, will testify about overall contract with the plaintiffs
   2. Ranu Rawat will testify about overall contract with the plaintiffs

## IX.  DESIGNATED DEPOSITION TESTIMONY

**Plaintiffs' designated deposition testimony:**

1. Background information regarding KLB FOODS d/b/a ANDAZ:

    A. The restaurant is owned and operated by KLB Foods, Inc.: <u>Deposition of RANU RAWAT</u> 7:16-25; 8:1-4.

    B. Kunwar Bist is a controlling shareholder in the restaurant. The other shares are owned by Aditya Patwal, Hari Singh and Ranu Rawat: <u>Deposition of KUNWAR BIST</u> 7-9.

    C. KLB Foods, Inc. had gross annual revenues of greater than $500,000 for 2010-2012 and was thus an employer under the FLSA and the NYLL: <u>Deposition of KUNWAR BIST</u> 19-21.

2. Employer issues:

    A. Kunwar Bist was a partner in KLB Foods, Inc.: <u>Deposition of KUNWAR BIST</u> 7:1-22.

    B. Kunwar Bist was the controlling shareholder in Andaz: <u>Deposition of KUNWAR BIST</u> 7:23-25; 8:1-15.

    C. Kunwar Bist is present at the restaurant around 5 days per week for 4-5 hours, supervising all work: <u>Deposition of KUNWAR BIST</u> 9:13-24.

    D. Kunwar Bist can hire employees independently of other partners: <u>Deposition of KUNWAR BIST</u> 14:11-25; 15:1-3.

    E. Kunwar Bist can fire employees independently of other partners: <u>Deposition of KUNWAR BIST</u> 16:15-25, 17:1-15.

    F. Kunwar Bist has power over scheduling employees: <u>Deposition of KUNWAR BIST</u> 17:16-25; 18:1-3.

    G. Kunwar Bist was the controlling shareholder of KLB Foods, Inc. <u>Deposition of RANU RAWAT</u> 8:11-13.

3. Wage statement violations:

    A. Pay stubs were not provided to Plaintiffs: <u>Deposition of RANU RAWAT</u> 24:12-16.

    B. Pay stubs were not provided to Plaintiffs: <u>Deposition of KUNWAR BIST</u> 42:4-8.

    C. Pay stubs sometimes did not include hours worked: <u>Deposition of KUNWAR BIST</u> 42:17-25, 43:1-7.

4. Wage and hour notice violations:

    A. Plaintiffs were not provided a wage notice in writing at the commencement of their employment: <u>Deposition of KUNWAR BIST</u> 41:20-25; 42:1-3.

    B. Plaintiffs were not provided wage notice in writing in February of 2012: <u>Deposition of RANU RAWAT</u> 24:17-25; 25:1-5.

5. Tip Credit:

    A. Defendants did not give Plaintiffs a notice of their taking a tip credit in writing: <u>Deposition of RANU RAWAT</u> 27:11-21.

    B. Defendants are unable to articulate what a tip credit notice is: <u>Deposition of KUNWAR BIST</u> 42:9-16.

    C. Defendants did not give Plaintiff a notice of their taking a tip credit in writing: <u>Deposition of KUNWAR BIST</u> 43:20-25; 44:1-11.

    D. Defendants do not post notices about wages and compensation in the native language of Plaintiffs: <u>Deposition of KUNWAR BIST</u> 47:25; 48:1-25; 49:1-2.

6. Plaintiff Compensation:

    A. Defendant states Jose Jimenez was paid $105 per week: <u>Deposition of KUNWAR BIST</u> 23:14-16; 23: 25; 24:1-11.

    B. Defendant states Baltazar Sanchez was paid $105 per week: <u>Deposition of KUNWAR BIST</u> 23:7-25; 24:1-11.

    C. Defendant states Vicente Carrasco was paid $105 per week: <u>Deposition of KUNWAR BIST</u> 36:9-12.

    D. Defendant states Candido Merino was paid $105 per week: <u>Deposition of KUNWAR BIST</u> 37:21-25, 38:1-2.

    E. Defendant is unable to explain a discrepancy in Carrasco's compensation for two weeks: <u>Deposition of KUNWAR BIST</u> 41:10-19.

    F. Defendants calculate overtime for wait staff incorrectly. <u>Deposition of KUNWAR BIST</u> 47:1-15. *See also* <u>Deposition of RANU RAWAT</u> 25-27.

7. Retaliation:

   A. Defendant told Plaintiffs after the commencement of the suit that if they did not like the terms of their employment, they should leave: <u>Deposition of KUNWAR BIST</u> 45:9-17.

8. Willfulness:

   A. Defendants are aware of but failed to comply with wage laws: <u>Deposition of KUNWAR BIST</u> 32:12-25; 33.

   B. Defendants are aware of but failed to comply with the requirements for taking a tip credit: <u>Deposition of KUNWAR BIST</u> 43:8-19.

Defendants object to Plaintiffs' designation of deposition testimony as the meaning drawn by a few lines of testimony may prejudice the jury.

**Defendants' designated deposition testimony:**

Defendants designate the entire deposition testimony of Plaintiff and Defendants to be used at trial.

**Defendant' Damage and Other Relief**: Defendants request an award of legal fees and dismissal of Plaintiff's claim.

### X.    SCHEDULE OF EXHIBITS

A. Plaintiffs' Exhibits:

   1. KLB Foods, Inc. – 2010 Tax Return.
   2. KLB Foods, Inc. – 2011 Tax Return.
   3. KLB Foods, Inc. - 2012 Tax Return.
   4. Receipts and paystubs of Plaintiff JIMENEZ.
   5. Additional receipts and paystubs of Plaintiff JIMENEZ
   6. Employee attendance records and payment vouchers kept by Defendants
   7. Tip records kept by Defendants
   8. Screenshots of the Andaz website
   9. Corporation search information for KLB Foods. Inc.

B.  Defendants' Exhibits:

1.  All the documents listed by plaintiff as their trial exhibits.

2.  Defendant's exhibits include all plaintiffs' trial exhibits.

3.  Tax return for Kunwar Bist for last three years.

4.  Payment vouchers

5.  Attendance sheet

6.  Form I9 Employment Eligibility Verification Form

7.  Tip distribution sheet

8.  Tax return for KLB Foods Inc for last three years

____/s/_____
C.K. Lee, Esq.
ATTORNEY FOR PLAINTIFF


_____/s/_____
Sanjay Chaubey, Esq.
ATTORNEY FOR DEFENDANTS


_____
J. PAUL OETKEN
United States District Judge

DATED:   February 3, 2015