UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSE URBANO JIMENEZ, et al.

                                                      CASE NO. 12-CV-6796(JPO)

                    PLAINTIFF

        -AGAINST-

KLB FOODS INC., et al.     DEFENDANT(S)
---------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A JUDGMENT AS A MATTER OF LAW AND, ALTERNATIVELY, DEFENDANTS,, MOTION FOR A NEW TRIAL AND REDUCED DAMAGES
## (FED. R. CIV. PRO. 50 & FED. R. CIV. PRO. 59 )

**LAW OFFICES OF SANJAY CHAUBEY**
18 East 41st Street Suite 1704
New York, New York 10017
Phone: (212) 563-3223

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES   3

**A. THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE NO REASONABLE JURY COULD CONCLUDE THAT A REASONABLE PERSONS OF PLAINTIFF"S BACKGROUND AND CIRCUMSTANCES WOULD BE COMPELLED TO PERFORM LABOR OR SERVICES  WITHOUT PAYING THEM WAGES AND GRATUITIES**   4-7

**i. Legal Standard**   4-5

**ii. Plaintiff's allegations are legally insufficient because no reasonable jury could conclude that a reasonableperson of the plaintiff's background and circumstances would continue to perform labor or services despite not receiving tips or adequate payment for their work.**   5-6

**iii. Plaintiff's allegations are legally insufficient because no reasonable jury could   conclude that defendants actuallycaused plaintiff to perform any labor or services**   6

**iv. Jury failed to comprehend the reason for plaintiff's complaint**   6-7

**B. DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSEALLOWING THE VERDICT TO STAND WOULD RESULT IN A SERIOUS MISCARRIAGE OF INSOFAR AS PLAINTIFFS COUNSEL UNREASONABLY FAILED TO INTRODUCE RELEVANT EVIDENCE AT TRIAL**   7-8

**C. DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE THEGREAT WEIGHT OF THE EVIDENCE INDICATES THAT PLAINTIFFS ARE SIMPLYNOT CREDIBLE WITH RESPECT TO THEIR ALLEGATIONS THAT THEY WORKED FOR LONG HOURS WITHOUT GETTING ADEQUATELY PAID**   9-10

**i. Legal Standard**   9-10

**D. DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE THEVERDICTS ARE INTERNALL AND IRRECONCILIABLY INCONSISTENT**   10-11

**i. Legal Standard**   10

**ii. There is no rational view of the case that can harmonize the retaliation verdict with the back wages and overtime verdict**   10-11

**E. DEFENDANTS ARE ENTITLED TO A NEW TRIAL, OR REMITTUR INTHE ALTERNATIVE, BECAUSE THE VERDICT PROVIDED THE PLAINTIFFWITH DUPLICATIVE RECOVERY FOR THE SAME INJURY AND BOTH THE COMPENSATORY DAMAGES PUNITIVE DAMAGES ARE "GROSSLYEXCESSIVE"**   11-12

**i. Legal Standard**   12

**ii. Plaintiff  is entitled to a new trial or,alternatively, remittitur, because allowing compensation to Candido Marino   providesplaintiff Candido Marino with    duplicative recovery**   13

**F. CONCLUSION AND REQUESTED RELIEF**   12-13

## TABLE OF AUTHORITIES

**Federal Cases**                                                                          Page

*Dibella v. Hopkins*, 403 F.3d 102, 116 (2d Cir. 2005)                                      4

*McCoy v. Goldberg*, 810 F.Supp. 539, 548 (S.D.N.Y. 1993)                                   7

*Kosmynka v. Polaris Industries, Inc.*, 462 F.3d 74, 82 (2d Cir. 2006).                     8

*Santa Maria v. Metro-North Commuter Raildroad,* 81 F.3d 265, 273 (2d Cir. 1996) (citing
*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).                               8

*DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (quoting
*Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992)).                            9

*Manley v. Ambase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (citing *DLC Mgmt. Corp. v.
Town of Hyde Park*, 163 F.3d 124, 133-34 (2d Cir. 1998)).                                   9

*U.S. v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998).                                          9

*Munafo v. Metropolitan Transportation Authority*, 381 F.3d 99, 105 (2d Cir. 2004) (citing
*Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)).                                 10

*Schneider v. National R.R. Passenger Corp.,* (987 F.2d 132, 137 (2d Cir. 1993)            11

*Schramm v. Long Island Railroad Co.*, 857 F.Supp. 255, 257 (E.D.N.Y. 1994) (citing
*Grunenthal v. Long Island R.R.*, 393 U.S. 156, 159 (1968))                                 11

*Williams v. Aer Lingus Irish Airlines*, 655 F.Supp. 425, 427 (S.D.N.Y. 1987)              11

*Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 337 (2d Cir. 1993).      12

*E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002),                                 12

Defendants, <u>Kunwar Bist</u>, and <u>KLB Foods, Inc.</u>, through counsel, and respectfully moves this Honorable Court to render a judgment as a matter of law pursuant to <u>Fed. R. Civ. Pro. 50</u> that the Bist and KLB Foods Inc. are not liable for payment of minimum wage, overtime, and liquidated damages to the plaintiffs under the Fair Labor Standard Act as amended in F.L.S.A. and New York Labor Law, alternatively, to vacate the damages award and set a new trial pursuant to <u>Fed. R. Civ. Pro. 59</u>.

The Bist and KLB Foods Inc. respectfully submit that there is insufficient evidence on the record to sustain the verdict; that there is insufficient evidence on the record to sustain the damages award and judgment; and that they are entitled to a new trial.

**A.** **THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE NO REASONABLE JURY COULD CONCLUDE THAT A REASONABLE PERSONS OF PLAINTIFF"S BACKGROUND AND CIRCUMSTANCES WOULD BE COMPELLED TO PERFORM LABOR OR SERVICES WITHOUT PAYING THEM WAGES AND GRATUITIES**

**i. Legal Standard**

Federal district court may grant a motion for a judgment as a matter of law where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." <u>Fed. R. Civ. Pro. 50(a)(1)</u>. Where a motion for a judgment as a matter of law is made post- verdict, the trial court should view the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in that party's favor, and may not make credibility determinations or weigh the evidence. *Dibella v. Hopkins, 403 F.3d 102, 116 (2d Cir. 2005)* (internal citations omitted). A court may set aside a jury's verdict only where

4

"(1) there is such a complete absence of evidence supporting the verdict that the jury"s findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded jurors could not arrive at a verdict against him." Id. On the record developed before it, a jury has found the Bist and KLB Foods Inc. liable for payment of minimum wage, overtime, and liquidated damages to the plaintiffs under the Fair Labor Standard Act as amended in F.L.S.A. and New York Labor Law. To make out a claim, plaintiff had to show that Bist and KLB, (1) knowingly and intentionally (2) obtained the labor or services of the plaintiff without paying them the promised compensation and tips or gratuities.

At trial, plaintiff's testimony established specific allegations against defendant supporting both the claims of overtime and back wages. Each of these claims were dependent upon determination of fact whether plaintiffs had ability to obtain employment with the defendants? Whether the relationship between the plaintiffs and defendants were of employee/employer or independent contractor. Despite plaintiff testifying that they scheduled their coming and going at their own will and convenience, plaintiffs brought their own work tool; bicycle to the work and also testified that defendants were not providing any uniform, helmets or allowances towards repair and maintenance of essential tool of work; bicycle.

**ii.**        **Plaintiff's allegations are legally insufficient because no reasonable jury could conclude that a reasonable person of the plaintiff's background and circumstances would continue to perform labor or services despite not receiving tips or adequate payment for their work.**

Plaintiff testified at trial with respect to two specific allegations that are legally insufficient because no reasonable jury could conclude that a reasonable person of plaintiff's background and circumstances would continue to provide labor or services and continue to do so for months together without getting paid. Plaintiffs in their testimony has

stated that they received tips ranging between $40- $50 a day in addition to their weekly

stipend of $ 105.00. In this regard Juror completely over looked the evidence provided by

defendant and admitted by plaintiffs as to the payments of tips. See Defendants **Exhibit 'A'**

iii.     **Plaintiff's allegations are legally insufficient because no reasonable jury could
conclude that defendants actuallycaused plaintiff to perform any labor or services**

Plaintiffs in their testimony have not provided any indication that defendants forced

them to do this job or used any threat or corrosion. In fact, plaintiff Carsaco testified that he

left the job and came back after a year or so to perform again for the defendants. See

Transcript. If the plaintiffs were not being paid properly and receiving tips and other

benefits including free meals why would they return to take job with the defendants after

leaving initially for a year or so. Jurors failed to appreciate industry customs and standard

practice of job of delivery person.

iv.   **Jury   failed   to   comprehend   the   reason   for   plaintiff's   complaint**

Jury completely failed to comprehend that the present action was a result of

enforcement from the investigation by the Department of Labor which instructed

Defendants to be in compliance with the I-9 Employment Eligibility Verification form.

Defendants insisted to obtain the stated federal form from the plaintiffs who in retaliation

started this action despite receiving legitimate pay and gratuities from the defendant. In fact

Defendants had raised the important question of law whether the *Palma* decision clearly

distinguishes; that award of back pay to an undocumented alien who has never legally been

authorized to work in the United States, such relief is foreclosed by Federal Immigration

Policy as expressed by Congress in the Immigration Reform and Control Act of 1986.  In

the present case defendants have affirmatively testified that they were insisting plaintiffs to

comply with the I-9 Employment Eligibility Verification Form. Defendants insistence of I-

9 Verification resulted into retaliatory compliant by the plaintiff where as defendants maintained and demonstrated that plaintiffs were not employees but merely independent contractors and were fully and adequately compensated for their part time delivery contract, with supplemental pay, tips and gratuities.

Further, Plaintiffs have nowhere in their trial disclosed relevant rate of wages being received by them during the short duration of their employment.  Plaintiffs have further concealed or failed to disclose the tips and gratuities they received in addition to their admitted wages.

Defendant in detail and credibly testified that during a routine visit by Federal and State Labor Departments, Defendant's were advised and instructed to file *Form I-9 Employment Eligibility Verification Form* for all the employees and Independent Contractors. Accordingly, defendants requested plaintiffs, who are independent contractors to file Form I-9. Despite defendants repeated request, plaintiff failed to provide a valid social security number to the defendant so that Employment Eligibility Verification maybe prepared and maintained by the defendant. Jury in its verdict failed to comprehend that their verdict undermines the established federal law which defendants had no choice but to follow.

**B.     <u>DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE ALLOWING THE VERDICT TO STAND WOULD RESULT IN A SERIOUS MISCARRIAGE OF INSOFAR AS PLAINTIFFS COUNSEL UNREASONABLY FAILED TO INTRODUCE RELEVANT EVIDENCE AT TRIAL</u>**


In determining whether or not to order a new trial, the trial court has very broad discretion. The main guiding principle is that the trial court "must try to ensure that substantial justice is done on the facts of the individual case." <u>*McCoy v. Goldberg*</u>, *810 F.Supp.539, 548(S.D.N.Y.1993)(internal citations omitted)*.  A new trial should generally

be granted if the trial court "is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Kosmynka v. Polaris Industries, Inc., 462 F.3d 74, 82 (2d Cir. 2006) (internal citations omitted).* In general, a jury"s verdict may be "seriously erroneous" if contrary to the weight of the evidence, provides for excessive damages, or if "for other reasons the trial was not fair to the party moving."*Santa Maria v. Metro-North Commuter Raildroad,81 F.3d 265, 273 (2d Cir. 1996) (citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).*

One piece of evidence that plaintiff's counsel declined to introduce are voluminous records of payments received by plaintiffs towards the daily tips received by the plaintiffs. These documents are relevant because they rebut the plaintiff's allegation that Defendants never paid them legitimate compensation for the work preformed.

At trial, plaintiffs admitted that the restaurant was closed between 3 PM to 5 PM. Plaintiffs further testified that they use to come for deliveries mainly in the evening hours. Defendants supplemented that deliveries were mainly between 7 PM to 10 PM and that's the usual and routine dinner time. Jury found that plaintiffs were entitled to overtime whereas according to party's testimony plaintiffs were at best working four to five hours a day as such were not entitled to any over time payment and penalties or fines thereto.

In conclusion, it should be noted that it is not urged upon this Court to grant a new trial on the basis that the aforementioned exhibits constitute "new evidence."    The Bist nad KLB do not claim this to be the case. Rather, the Bist and KLB foods respectfully submit that the juror's failure to appreciate the testimony of witnesses introduced at the trial rendered the trial "fundamentally unfair," a "miscarriage of justice," and risk a "seriously erroneous verdict."

C.  **DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE THE GREAT WEIGHT OF THE EVIDENCE INDICATES THAT PLAINTIFFS ARE SIMPLY NOT CREDIBLE WITH RESPECT TO THEIR ALLEGATIONS THAT THEY WORKED FOR LONG HOURS WITHOUT GETTING ADEQUATELY PAID**

### i.  Legal Standard

In general, a motion for a new trial after a jury-trial will be granted if it is based upon "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. Pro. 59(a)(1)(A). As a general matter, ""[a] motion for a new trial should be granted when…the jury has reached a seriously erroneous result or…the verdict is a miscarriage of justice." *DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992)).*

Unlike a motion for a judgment as a matter of law under Fed R. Civ. Pro. 50, a trial court should grant a motion for a new trial if it views "the jury's verdict as „against the weight of the evidence."" *Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (citing DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133-34 (2d Cir. 1998)).* As a corollary of that distinction, the trial judge may weigh the evidence himself, need not view the evidence in the light most favorable to the verdict winner, and may grant a motion for a new trial "even if there is substantial evidence supporting the jury's verdict." Id., at 244-45. Moreover, "[i]t is inherent in the proposition that the district judge may weigh the evidence that the judge will consider the credibility of witnesses." *U.S. v. Landau, 155 F.3d 93, 104 (2d Cir. 1998).* In assessing defendants" argument that a new trial is required because the great weight of the evidence indicates that plaintiff's account is simply not credible, we respectfully request that the Court bear in mind that the sole evidence supporting plaintiff's claims is his own vague, conclusory, and self-serving testimony.

Not one single witness, or other piece of independent evidence, corroborates even one fact that would be legally sufficient for the plaintiff to recover on their back wages and overtime claims.

**D.    DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE THE VERDICTS ARE INTERNALL AND IRRECONCILIABLY INCONSISTENT**

### i.    Legal Standard

A new trial is required whenever jury verdicts are internally inconsistent with each other because "proper deference to the parties" Seventh Amendment rights to trial by jury precludes entry of a judgment that disregards any material jury finding." *Munafo v. Metropolitan Transportation Authority*, 381 F.3d 99, 105 (2d Cir. 2004) (citing *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)). Even if a jury verdict appears inconsistent, such verdicts will not be set aside unless there is no rational view of the case from which the verdicts can be harmonized.

### ii.    There is no rational view of the case that can harmonize the retaliation verdict with the back wages and overtime verdict

In the instant case, the jury found both Bist and KLB Foods liable for back wages and overtime claims.(Verdict Sheet.)The jury, however, found both the defendants not liable for retaliation claims of the plaintiffs. Meaning thereby, jury found that as claimed by plaintiffs, they were not fired because of their filing of instant complaint. Defendant in their testimony has credibly and convincingly explained their reasons for insistence on plaintiffs completing and submitting the I-9 Employment Verification form. Due to plaintiffs sole inability they failed to comply with the law and stopped coming to work. All of the plaintiffs in their testimony affirmatively testified that they are engaged in similar employment with

other restaurants. Therefore, jury despite finding that defendants were not retaliatory inconstantly found that defendants underpaid plaintiffs and were responsible for back wages and overtime pay.

**E.     DEFENDANTS ARE ENTITLED TO A NEW TRIAL, OR REMITTUR IN THE ALTERNATIVE, BECAUSE THE VERDICT PROVIDED THE PLAINTIFF WITH DUPLICATIVE RECOVERY FOR THE SAME INJURY AND BOTH THE COMPENSATORY DAMAGES PUNITIVE DAMAGES ARE "GROSSLY EXCESSIVE"**

### i.    Legal Standard

Damages awards are sufficiently excessive so as to justify a new trial when they are "so high as to shock the judicial conscience." _Schneider v. National R.R. Passenger Corp.,_ _(987 F.2d 132, 137 (2d Cir. 1993)._ In assessing the excessiveness of a damages award, the trial court must "conduct[] its own „detailed appraisal of the evidence bearing on damages."" _Schramm v. Long Island Railroad Co.,_ 857 F.Supp. 255, 257 (E.D.N.Y. 1994) _(citing Grunenthal v. Long Island R.R., 393 U.S. 156, 159 (1968))._ Damages must be "fair and reasonable, and the injury sustained and the amount award rationally related. This remains true even where intangible damages, such as those compensating a plaintiff for pain and suffering, cannot be determined with exactitude." Id. (citing _Williams v. Aer Lingus Irish Airlines, 655 F.Supp. 425, 427 (S.D.N.Y. 1987))._ In determining a verdict's excessiveness, courts generally "look to the amount of damages awarded to other plaintiffs in cases involving similar injuries.     However, the Court should not view these awards in a vacuum, but should take into consideration plaintiff's particular injuries and the unique circumstances of this case." The trial court need not identify a specific error that led to the excessive damages. Rather, "more generally, where the award is „intrinsically excessive" in the sense of being greater than the amount a reasonable jury could have awarded," the

11

trial court may still set aside a verdict for being grossly excessive. *Trademark Research*

*Corp. v. Maxwell* *Online, Inc.,* *995 F.2d 326, 337 (2d Cir. 1993).*

**ii.     Plaintiff  is entitled to a new trial or, alternatively, remittitur, because allowing compensation to Candido Marino provides plaintiff Candido Marino with duplicative recovery**

In the instant case the jury awarded overtime and back wages to plaintiff Candido

Marino. Nonetheless, defendants at trial specifically testified that New York State

Department of Labor during its investigation had interviewed plaintiff Candido Marino and

had made defendants pay for compensation including fines and penalties in the total sum of

$21,534.37.  The copies of checks showing the payment are attached as **Exhibit 'B'** to this

motion. Award of further compensation by the jury is duplicative. Since plaintiff cannot

recover multiple damages awards for what is essentially the same injury, see *E.E.O.C. v.*

*Waffle House, Inc., 534 U.S. 279, 297 (2002),* then a new trial is required to determine the

proper amount of compensatory damages.


**F.     CONCLUSION AND REQUESTED RELIEF**

As argued above, the Bist and the KLB Foods are entitled to judgment as matter of

law because the evidence at trial is legally insufficient. As such, defendants respectfully

request that this Court set aside the jury's verdict on that basis.

If, however, the Court finds that defendants are not entitled to a judgment as a

matter of law, defendants respectfully submit that they are entitled to a new trial because the

allowing the jury's verdict to stand will result in a "serious miscarriage of justice" because

the great weight of the evidence demonstrates plaintiff is not credible; because the verdicts

are inconsistent; and because the damages are "grossly excessive." In the event that the

Court finds only that the verdict was "grossly excessive," then the Court has discretion to

select one of three potential remedies. First, the Court can order a new trial on the issues of

both liability and damages. Second, the Court could order a new trial restricted solely to determining damages. And third, the Court could "the process of remittitur allows the court to grant a Rule 59(a) motion, while presenting the plaintiff with the choice of either submitting to a new trial or agreeing to the reduced damage award which the court considers justified." <u>Schramm</u>, at 257-58. In light of our argument above, we respectfully submit that a new trial on both, liability and damages, rather than remittitur or a new trial limited solely to determining damages, is the appropriate remedy.

Respectfully submitted,

Dated: March 24, 2015
    New York, New York

/s/
Sanjay Chaubey, Esq.
Law Offices of Sanjay Chaubey
18 East 41st Street Suite 1704
New York, NY 10017
Phone: (212) 563-3223
Fax: (212) 563-4534
chaubeylaw@gmail.com
*Counsel for Defendants*