```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  JOSE URBANO JIMENEZ and VICENTE         :
  CARRASCO, on behalf of themselves, FLSA :
  Collective Plaintiffs, and the Class,   :
                              Plaintiffs, :   12-CV-6796 (JPO)
                                          :
                 -v-                      :   OPINION AND ORDER
                                          :
  KLB FOODS, INC., d/b/a ANDAZ, and       :
  KUNWAR BIST,                            :
                              Defendants. :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

A jury trial was held in this matter from February 9 through February 11, 2015. The jury recorded its factual findings on a special verdict form, mostly in favor of Plaintiffs' claims. (Dkt. No. 77.) On the basis of the jury's factual determinations, the parties jointly submitted a proposed judgment in the amount of $174,959.43, exclusive of attorney's fees and costs, which the Court entered on February 26, 2015. (Dkt. Nos. 78-79.) Defendants now move for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, or, in the alternative, for a new trial or remittitur pursuant to Rule 59. (Dkt. No. 82.) For the reasons that follow, Defendants' motion is denied.

I.   Discussion

   A.   **Rule 50 Motion**[1]

First, the motion for judgment as a matter of law fails. "A court may grant a Rule 50 motion only if 'a party has been fully heard on an issue during a jury trial and the court finds that

---

[1] Plaintiffs contend that the motion under Rule 50(b) is barred because "Defendants failed to timely move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(2) before the case was submitted to the jury." (Dkt. No. 85, at 1.) At the end of testimony on February 10, 2015, Plaintiffs moved for directed verdicts on several issues of law. (Trans. at 260-71.) The Court then asked, "Are there any other pre-verdict type motions or issues?" (*Id.* at 271:12-13.) Counsel for Defendants responded, "No, not from defendants, your Honor." (*Id.* at 271:15.) Plaintiffs raised an additional directed verdict motion the following day. (*Id.* at 273-76.) Thus, it

a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Newton v. City of New York*, 779 F.3d 140, 146 (2d Cir. 2015) (quoting Fed. R. Civ. P. 50(a)(1)). Where the jury has deliberated and returned a verdict in favor of the non-movant, "a Rule 50 motion may be granted only if the court, viewing the evidence in the light most favorable to the non-movant, concludes that a reasonable juror would have been *compelled* to accept the view of the moving party." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks omitted).

Defendants are far from meeting this high burden. Viewing the evidence in the light most favorable to Plaintiffs, the factual conclusions recorded by the jury in the special verdict form were reasonable. Defendants' arguments to the contrary border on frivolousness. They contend, among other things, that Plaintiffs' claims are "legally insufficient" because there is no indication that Defendants forced Plaintiffs to work by "threat or corrosion" [sic]. (Dkt. No. 83 ("Def. Br.") at 6.) This is not an element of any of Plaintiffs' claims. Defendants also argue that no reasonable jury could conclude that Plaintiffs continued to work "for months together without getting paid." (*Id.* at 5.) But Defendants stipulated at trial that Plaintiffs were paid a flat salary of $105 per week, and also conceded that Defendants were not entitled by law to take a tip credit. Last, Defendants argue that the jury "failed to comprehend" their theory of the case—that Plaintiffs filed this action in retaliation for Defendants' request that they submit I-9 forms. (*Id.* at 6-7.) The fact that the jury rejected Defendants' theory, for which there was minimal substantiation in the record, does not render the jury's verdict unreasonable or unsupported by the evidence. At the least, a reasonable juror would not have been compelled to accept Defendants' view of the evidence. Accordingly, the Rule 50 motion is denied.

---

appears that Plaintiffs are correct that the Rule 50(b) motion is barred. In any event, Defendants' motion fails even assuming that it is not procedurally defective.

B.     **Rule 59 Motion for a New Trial**

"A district court may grant a new trial pursuant to Rule 59 even when there is evidence to support the jury's verdict, so long as the court determines that, in its independent judgment, the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice." *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009) (internal quotation marks omitted). Once again, the Court "must view the evidence in the light most favorable to the nonmoving party." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks omitted).

For the same reasons set out above, the Court declines to grant Defendants' Rule 59 motion. There is nothing to suggest that the jury reached a seriously erroneous result, nor that there was a miscarriage of justice. Nor is there any merit to Defendants' claim that "the great weight of the evidence" indicated that Plaintiffs' account was not credible. The jury's factual findings reflected reasonable inferences from the testimony and other evidence presented at trial. Moreover, the assertion that counsel for Plaintiffs "declined to introduce" certain evidence (Def. Br. at 8) provides no support for Defendants' motion. Defendants have offered no reason that they could not themselves have introduced this evidence.

Defendants further state that the jury's verdict was inconsistent because it concluded (1) that Plaintiffs were employees of Defendants who each worked more than 40 hours per week, and also (2) that Defendants did not retaliate against Plaintiff Vicente Carrasco for filing a complaint. (*Id.* at 10.) But these two findings are simply not inconsistent. The jury could reasonably have concluded from the evidence at trial that Defendants violated their obligations to pay Plaintiffs in accordance with federal and state law, but also that Defendants did not discharge or otherwise discriminate against Carrasco for filing the lawsuit.

Accordingly, the motion under Rule 59 for a new trial is denied.

### C. Motion for Remittitur or New Trial on Damages

"Remittitur is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005) (internal quotation marks omitted).  A district court may "enter a conditional order of remittitur, compelling a plaintiff to choose between reduction of an excessive verdict and a new trial, in at least two distinct kinds of cases: (1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken, and (2) more generally, where the award is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 165 (2d Cir. 1998) (internal quotation marks and ellipsis omitted).

Defendants contend that they should receive a new trial, or that the damages be subject to remittitur, because the damages award is "grossly excessive." (Def. Br. at 11.)  Defendants' main argument on this score is that the jury's verdict relating to Plaintiff Candido Merino was "duplicative," because New York State authorities already levied "fines and penalties in the total sum of $21,534.37" against Defendants.  (*Id.* at 12.)

Defendants have waived this argument.  The parties jointly submitted a proposed judgment on the basis of the jury's findings and the parties' stipulations.  (Dkt. Nos. 78-79.)  Defendants did not, at that time, request that the Court reduce the award for any reason, and accordingly, the amount of judgment reflects the amount of compensation owed to all Plaintiffs, as agreed upon by the parties.  Furthermore, even if the argument were not waived, it would nevertheless fail.  Defendants have presented no authority, and the Court is aware of none, for the proposition that a plaintiff in a wage and hour action cannot recover overtime pay if the employer has already made related payments of fines and penalties to a state regulator.  Accordingly, Defendants' request for a new trial or remittitur on damages is denied.

**II.     Conclusion**

For the foregoing reasons, Defendants' motion pursuant to Rules 50 and 59 is DENIED.

The Clerk of the Court is directed to close the motion at docket number 82.

SO ORDERED.

Dated: April 13, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5