UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE URBANO JIMENEZ and VICENTE
CARRASCO, on behalf of themselves, FLSA
Collective Plaintiffs, and the Class,
                                        Plaintiffs,     :     12-CV-6796 (JPO)

            -v-                                         :     OPINION AND ORDER

KLB FOODS, INC., d/b/a ANDAZ, and
KUNWAR BIST,
                                        Defendants.
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

A jury trial was held in February 2015 in this wage and hour case. Plaintiffs Vicente Carrasco, Candido Merino, and Baltazar Sanchez (collectively, "Plaintiffs") largely prevailed against KLB Foods, Inc., and Kunwar Bist (together, "Defendants"). The parties subsequently submitted a joint proposed judgment in favor of Plaintiffs in the amount of $174,959.43, exclusive of attorney's fees and costs, which judgment the Court entered on February 26, 2015. (Dkt. Nos. 78-79.) Plaintiffs now move for the award of attorney's fees and costs. (Dkt. No. 86.) For the reasons that follow, Plaintiffs' motion is granted.

I.   Discussion

   A.   Attorney's Fees

Both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") provide for the award of attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198(1-a), 663(1). "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award." *Tackie v. Keff Enters. LLC*, No. 14 Civ. 2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). "A reasonable fee is calculated by determining 'the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee.'" *Bazignan v. Team Castle Hill Corp.*, No. 13 Civ. 8382 (PAC),

2015 WL 1000034, at *4 (S.D.N.Y. Mar. 5, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).  "A district court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee,'" but "such adjustments are appropriate only in 'rare circumstances,' because the 'lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'"  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 553-54 (2010)) (brackets omitted).

### 1. Reasonable Rate

"A reasonable hourly rate is based on the current prevailing market rate for lawyers in the district in which the ruling court sits."  *Liang Huo v. Go Sushi Go 9th Ave.*, No. 13 Civ. 6573 (KBF), 2014 WL 1413532, at *7 (S.D.N.Y. Apr. 10, 2014) (brackets and internal quotation marks omitted); *see also Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777 (JGK) (JLC), 2012 WL 3578781, at *11 (S.D.N.Y. Aug. 2, 2012) ("A reasonable hourly rate is the rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." (internal quotation marks omitted)), *report & rec. adopted*, No. 11 Civ. 7777, Dkt. No. 39 (S.D.N.Y. Dec. 14, 2012).  The reasonable rate requires "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, which may include taking judicial notice of the rates awarded in prior cases, and consideration of the evidence proffered by the parties."  *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) (internal quotation marks omitted).

Here, Plaintiffs request the following hourly rates: $550/hour for C.K. Lee, a partner with the Lee Litigation Group, PLLC (the "Lee Group"); $350/hour for Anne Seelig, a "counsel" with the Lee Group; and $125/hour each for Jasmin Perez and Luis Arnaud, both paralegals.  (Dkt. No. 88 ("Lee Decl.") Ex. 1.)

2

Plaintiffs' papers do not set out the specifics of the attorneys' experience in great detail. Lee is said to have "substantial experience practicing law, and . . . recognized expertise in employment law." (Dkt. No. 87 ("Pl. Br.") at 6.) Seelig is said to have "over ten years['] experience practicing law" (*id.*), but is not described as an employment law specialist. The Court takes notice of the fact that, according to publicly available information, Lee was admitted to the bar in New York in 1998, and Seelig in 2004.

The requested hourly rates are high for employment cases in this district, particularly in light of the nature of the documentation supplied in support of the fee application. The attorneys here have provided "no attestation that [they] in fact seek[] and obtain[] such . . . rate[s]—or any other rate—from [their] paying clients." *Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 213 (E.D.N.Y. 2014). And, as a general matter, "[i]n labor and employment cases, courts in this district have approved hourly rates of $300-400 for partners." *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014); *see also Watkins*, 2015 WL 476867, at *3 ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases." (collecting cases)).

Plaintiffs' briefing attempts to support Lee's requested rate of $550/hour by citing several cases in which Lee purportedly earned judicial approval of this rate. However, Magistrate Judge Dolinger recently considered an application for attorney's fees from the Lee Group and undertook a detailed review of the same cases that Plaintiffs cite in support of the fee application here, and ultimately found that "not one" of the cases cited actually validated Lee's requested rate of $550/hour. *See Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC) (MHD), 2015 WL 3757069, at *16 (S.D.N.Y. June 12, 2015); *see also id.* at *18-19 (criticizing Lee's characterization of these decisions as approvals of a $550/hour rate as, "at best, a woefully inartful articulation of the state of th[e] case law and, at worst, a blatantly self-interested

3

misrepresentation to the court," and noting previous decisions that have found fault with Lee's representations in attorney's fee submissions). For the reasons set out in *Gonzalez*, the Court declines to rely on the cases cited in Plaintiffs' submission.

As Judge Dolinger also noted in *Gonzalez*, "a number of fairly recent decisions in this district have specifically reduced Mr. Lee's requested hourly rate of $550.00 per hour for purposes of lodestar." *Id.* at *20 (citing cases reducing Lee's rate to $350 or $400 per hour). Based on Lee's and Seelig's experience, and upon consideration of the skill they displayed in conducting this litigation, the Court finds that a rate of $350/hour is reasonable for Lee and a rate of $250/hour is reasonable for Seelig. *See Aguilera v. Cookie Panache by Between the Bread, Ltd.*, No. 13 Civ. 6071 (KBF), 2014 WL 2115143, at *3 (S.D.N.Y. May 20, 2014) (reducing Lee's rate to $300/hour and Seelig's to $200/hour); *Agudelo v. E&D LLC*, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (reducing Lee's rate to $350/hour and Seelig's rate to $250/hour); *see also, e.g.*, *Liang Huo*, 2014 WL 1413532, at *7-8 (approving rate of $350/hour for attorney with about ten years of experience who specializes in employment law); *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) (reducing rate of attorney with over thirty years of experience who specializes in employment matters to $425/hour, and reducing rate of associate with about ten years of experience to $300/hour), *report & rec. adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014).

As for paralegals Perez and Arnaud, the rates once again are somewhat high as compared to employment cases in this district, particularly given that no information was provided about the paralegals' background or experience. *See Black v. Nunwood, Inc.*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917, at *6 (S.D.N.Y. Apr. 30, 2015) (reducing paralegal rate from $150/hour to $75/hour "based upon previous paralegal awards in this district where counsel provided no information on the paralegal's background or experience"); *see also Gonzalez*, 2015

WL 3757069, at *21-22 (reducing Lee Group paralegals' rate from $125/hour to $100/hour where no documentation was provided); *Merino v. Beverage Plus Am. Corp.*, No. 10 Civ. 706 (ALC) (RLE), 2012 WL 4468182, at *3 (S.D.N.Y. Sept. 25, 2012) (reducing paralegal rate in FLSA case from $125 and $130/hour to $105 and $100/hour). In light of the limited submissions, the Court concludes that a paralegal rate of $100/hour is reasonable.

### 2. Number of Hours Expended

"In determining the proper number of hours for which a defendant should be compensated, the district court should exclude excessive, redundant, or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Liang Huo*, 2014 WL 1413532, at *8 (brackets and internal quotation marks omitted). "The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, with a view to the value of the work product of the specific expenditures to the client's case." *Angamarca*, 2012 WL 3578781, at *12 (internal quotation marks omitted). The Court "must determine how much of that time was reasonably expended," based on the Court's "own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gonzalez*, 2015 WL 3757069, at *22 (internal quotation marks and ellipsis omitted).

According to their submissions, Plaintiffs' attorneys and their support staff spent a total of 155.6 hours on this case through the entry of judgment: 68.4 hours expended by Lee, 41.5 hours by Seelig, 29.2 hours by Perez, and 16.5 hours by Arnaud. (Lee Decl. ¶ 7.) This case was a straightforward wage and hour action that involved a small number of depositions, relatively minor motion practice, and a brief trial. Upon review of the billing records provided by Plaintiffs, the Court finds the number of hours to be reasonable. The hours spent on the only claim on which Plaintiffs were unsuccessful at trial—the retaliation claim—do not appear to be

severable in any meaningful way.  Moreover, the Court perceives little in the way of excessive or duplicative work.

Defendants argue that the hours should be reduced because the claims of Plaintiff Jose Urbano Jimenez were ultimately dropped at the beginning of trial.  (*See* Dkt. No. 91 ("Def. Br.") at 4.)  But Urbano Jimenez's claims were largely similar to those of the other Plaintiffs; consequently, the hours spent on his claims are not readily severable.

Defendants also argue that there was duplication of time between attorneys and paralegals in certain meetings.  (Def. Br. at 5.)  But as Plaintiffs state, Arnaud and Perez "are Spanish-speaking paralegals, whose job duties include meeting and speaking with Spanish-speaking clients."  (Dkt. No. 92 ("Pl. Reply") at 4.)  Because the attorney and paralegal hours reflected in the records are reasonable, the Court declines to impose a reduction on this basis.

Plaintiffs' counsel also spent additional time in drafting the motion for attorney's fees, in the amount of 7.2 hours spent by Seelig.  (Pl. Reply at 5.)  Courts in this district have permitted such "fees on fees."  *See De Los Santos v. Just Wood Furniture, Inc.*, No. 05 Civ. 9369 (WWE), 2010 WL 445886, at *4 (S.D.N.Y. Feb. 2, 2010) (permitting fees on fees in an FLSA case); *see also Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (permitting fees on fees in a § 1983 case and holding that, "[a]s a general matter, . . . motion costs should be granted whenever underlying costs are allowed").

Accordingly, the Court approves the 155.6 hours spent by Plaintiffs' counsel and their staff in litigating this case, and also adds 7.2 further hours for the time that Seelig spent preparing the papers for this fee motion.

### 3. Presumptively Reasonable Fee

The reduced hourly rates multiplied by the approved number of hours results in a lodestar amount of $40,685.  There is no basis to adjust the lodestar in this case, *see Millea*, 658 F.3d at 167, and accordingly the Court awards Plaintiffs $40,685 in attorney's fees.

### B. Costs

"An employee who prevails in a wage-and-hour action is entitled to recover costs." *Yuquilema*, 2014 WL 4207106, at *15 (citing 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1)). These costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

Plaintiffs request $1,011.75 in costs, consisting of a $350 filing fee, $96 in service fees, and $565.75 in court reporting fees. Plaintiffs support the request with documentation of the service and court reporting charges. (Lee Decl. Ex. 1.) These costs are reasonable and, accordingly, the Court awards $1,011.75 to Plaintiffs.

### C. Defendants' Other Arguments

Defendants interpose three additional objections to Plaintiffs' motion for attorney's fees, all of which are without merit. First, Defendants cite New York law governing the attorney-client relationship to argue that Plaintiffs' claim for attorney's fees is "barred for the reason of absence of any written letter of engagement with a client." (Def. Br. at 3.) But Defendants point to no authority stating that a party seeking attorney's fees and costs under the FLSA and the NYLL must first produce a letter of engagement between the Plaintiffs' attorneys and their clients. The Court rejects this argument.

Second, Defendants argue that Plaintiffs "ha[ve] failed to provide contemporaneously prepared timesheets" for the hours expended on this litigation. (Def. Br. at 4.) It is true that "[t]he plaintiff must produce contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Tackie*, 2014 WL 4626229, at *6 (internal quotation marks omitted). But that is precisely what Plaintiffs have done. Defendants provide no basis to believe that the time records submitted by Plaintiffs were not either contemporaneously prepared or based on contemporaneous records.

7

Last, Defendants argue that "most fee-shifting provisions employ permissive terms" and thus "delegate[] to the federal courts" the decision whether to award fees. (Def. Br. at 5-6.) But the FLSA provides that a court "shall . . . allow a reasonable attorney's fee" to a prevailing plaintiff, 29 U.S.C. § 216(b), and the NYLL states that an underpaid employee "shall recover . . . all reasonable attorney's fees," N.Y. Labor Law § 663(1); *see also id.* § 198(1-a). District courts in this Circuit have held that the award of attorney's fees in wage and hour cases is mandatory when a plaintiff prevails. *See, e.g., Sanchez v. Viva Nail N.Y. Inc.*, No. 12 Civ. 6322 (ADS) (ARL), 2015 WL 77514, at *2 (E.D.N.Y. Jan. 6, 2015) ("[B]oth the FLSA and the NYLL provide for a mandatory award of reasonable attorney's fees and costs to a prevailing plaintiff."); *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308 (BSJ) (JLC), 2012 WL 124590, at *7 (S.D.N.Y. Jan. 13, 2012) ("[A]wards of attorneys' fees are mandatory for the prevailing party under the FLSA.").

Even if the Court enjoyed discretion as to whether to award fees in this case, it would choose to do so. "Through the enactment of fee-shifting provisions in certain special categories of cases, such as those brought under the FLSA, Congress intended to ensure that plaintiffs be able to secure competent counsel." *Dajbabic*, 995 F. Supp. 2d at 212. The award of attorney's fees achieves the goal of incentivizing counsel to bring a case like this one, where a jury found that Plaintiffs were not paid in accordance with the wage and hour laws. Accordingly, Defendants' request for a discretionary denial of fees is rejected.

**II.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for attorney's fees and costs is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs Vicente Carrasco, Candido Merino, and Baltazar Sanchez, and against Defendants KLB Foods, Inc., d/b/a Andaz, and Kunwar Bist, in the amount of $41,696.75, consisting of $40,685 in attorney's fees and $1,011.75 in costs.

The Clerk of the Court is directed to close the motion at docket number 86.

SO ORDERED.

Dated: June 29, 2015
      New York, New York

_____
J. PAUL OETKEN
United States District Judge